By the Court.—Monell, J.
We cannot determine from the order in this case (no opinion seems to have been written) whether the preliminary objection to the motion was considered in the court below. The order ■denying the motion does not state that it was denied for the want of power to entertain the motion after judgment. But the question is, nevertheless, properly before us upon this appeal.
The motion which was made on the first day of the present term, to dismiss the appeal on this ground, did not necessarily involve this question, as that motion was denied chiefly bn the ground that the appeal was regular, and the objection should be taken on the argument .-of the appeal. We did, however, refer to the recent case of Tracey v. Altmayer (46 N. Y. R. 599), and regarded it as decisive of the question.
But as there is still a difference of opinion among us, as to the extent and effect of that decision, it is necessary to examine it again.
As I understand that case, it decides that the act of 1832 concerning the Supreme and Circuit courts (Laws 1832, ch. 128, p. 188) is still in force.
That act provides in terms that where “ any till of exceptions shall be taken, demurrer to evidence put in, case made, or notice of motion given for a new trial on newly discovered evidence, and the proceedings shall not be stayed,” judgment may be entered and execution issue. Nevertheless, the other party may proceed to a hearing of the exceptions, demurrer, case, or motion, and if he suceeds, the court may set aside the proceedings and “ order restitution. ’ ’ The only change, as ■Judge Greek says, is in substituting the Special Term for the Circuit Judge, as the place of hearing.
The grounds for a motion for a new trial, as prescribed Tby the Code, are substantially the same as in the act of *6 1832. They are “a case, exceptions or otherwise,” the latter embracing newly discovered evidence, surprise, etc. (Code, § 265).
It will be see'n, therefore, that neither the act of 1832 nor the Code is confined to motions on the ground of newly discovered evidence, or of surprise, or that the verdict is against the evidence,and kindred grounds, but embrace exceptions and motions on a case.
In Tracey v. Altmayer, the motion at Special Term was on the ground of newly discovered evidence; but the court does not draw any distinction between that ground of motion and any other mentioned ip the act. If a motion can be made after judgment in one case, it can in any other; they are all classified as distinct grounds, and no exception or distinction can be made. The court so say (p. 602). “The question is therefore “presented, whether a motion can be made at Special “Term for- a new trial upon the ground that the verdict “is against the weight of evidence, or surprise, or newly ■ “discovered evidence, or the misconduct of the jury, “ or other grounds, after the entry of judgment upon “the verdict.” That was all there was necessity for saying, as the ground of the motion was one of those specified in the Code. The court, however, approved of Rapelye v. Price (4 Hill, 119), when it was held, -that a case or exceptions might, under the act of 1832, be heard after judgment.
In concluding the opinion, the court say : “The right 6 c to move for a new trial upon a case at Special Term is “expressly given by the Code. But the party obtaining the verdict has the right immediately to enter “judgment thereon, unless his proceedings are stayed. “Thus, if the motion cannot be made after judgment, “ the absolute right to make it is converted into a right “resting in the discretion of the court, whether or not “to grant a stay of proceedings upon the verdict. This /‘is a very different thing from the positive right given *7 “ by law, and the former should not be substituted for “the latter, unless pursuant to the manifest intention of “a statute. But there is no such statute.”
Nothing can be plainer, I think, than that this decision covers every motion which, under the provisions of the Code, can be made at the Special Term for a new trial, and includes, therefore, a motion on a case, and as well upon the law as upon the facts.
I do ¿ not find any distinction made in the cases. Down to 1865 they are collated in a note to Tucker v. White (28 How. Pr. R. 78), and the motions were upon the law in many of them; and in Maloney v. Dows (18 How. Pr. R. 27), the motion was on exceptions to a non-suit. So in Folger v. Fitzhugh (41 N. Y. R. 228), the motion was on a case containing the pleadings, the proceedings, and evidence on the trial, with the charge to the jury.
Whether, therefore, the motion for a new trial be upon exceptions to the rulings or charge of the court, or for insufficient evidence, or for surprise or newly discovered evidence, they are all embraced within the unqualified and positive right given by the Code; and equally under the case of Tracey v. Altmayer, entitled to be heard at Special Term, either before or after judgment.
I have long observed the impropriety of allowing two appeals, one from the judgment, and the other from the order denying a motion for a new trial. It has led to separate arguments of the same questions, and is calculated to produce confusion. But there is an undoubted right to go to the Special Term with the motion, and as undoubted a right to appeal from the order as well as from the judgment. Until the legislature see fit to change it, we must recognize and enforce the right.
I also appreciate the objection, that to allow a motion after judgment, and especially, as in this case, after the time to appeal from the judgment has expired, is virtually to substitute the motion for the appeal; thus in *8 effect enlarging the time to appeal against the prohibition of the statute. But, if we find the right to do so in the statute, our duty is to allow it, and-not trouble ourselves with reasons, however ample they may be, which might be proper for the legislature, when asked to repeal or alter the law, but which cannot justify us in construing the statute otherwise than as it was intended it should be construed by those who made it.
It remains to be seen whether any error was committed at the trial.
It is unnecessary to inquire whether the regulations of the Secretary of the Treasury attempt to confer upon custom-house officers, who are placed in charge of these private warehouses, greater powers than are authorized by the statute or not. It is enough to say that neither those regulations nor the law attempts to give to those officers any supervision over the hatches or hatchways. They are subject to the sole control and management of the warehouseman who stores the goods and receives pay therefor. Considering this, and in view of the foregoing facts, there can be no doubt that the jury might, in their judgment and discretion, well have found that the accident was occasioned by the negligence of the defendants, and that there ivas no want of proper care on the part of Mr. Luddington which contributed thereto, and it follows that the court erred in refusing to submit those questions to them, and in dismissing the complaint.
The order should be reversed, and a new trial granted, with costs to the appellants to abide the event.
Van Vorst, J. concurred.